NATHAN SCOTT V. THE STATE.

No. 21085. Delivered May 22, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Clifford Graves,* of Paducah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant claims the evidence is insufficient to justify and sustain his conviction and that the court erred in declining to peremptorily instruct the jury to return a verdict of not guilty.

The evidence introduced by the State, briefly stated, shows that on the night of July 23, 1939, some one entered the office of W. C. Briggs, located in the town of Paducah in Cottle County, opened the safe and took therefrom approximately $84.00 in money. Mr. Briggs had acquired the business from Mr. Brock by purchase about the first of March, at which time appellant was employed in and about the business by Mr. Brock. After Briggs acquired the business he retained appel-

lant in his employ until the first day of June. However, on special occasions Mr. Briggs would have appellant make some deliveries for him. Mr. Briggs, in the conduct of his business, had some delivery trucks which he kept in Mr. Etter's storage garage. On Saturday night, those trucks were placed in the garage and locked up. Mr. Etter had given to Mr. Briggs a key to the garage and whoever went to get a truck out of the garage had to come and get the key from the office where it was kept and then return the key to the office after the truck was taken from the garage. On the night in question, some one entered the office by the use of a key and the person who entered it knew the combination to the safe in which Briggs kept his money. Appellant had theretofore told Miss Osborne, an employee of Mr. Briggs, that he could open the safe while blindfolded. On Saturday following the Saturday night of the burglary, appellant appeared at the sheriff's office and told the sheriff and his deputy that he had been told that they were checking up on him and he then told them that he entered Mr. Briggs' office about 2:30 A. M. on the night in question. He asked the sheriff and his deputy to go with him to see Mr. Briggs about it, which they did. The officers left appellant talking to Mr. Briggs. In about thirty minutes or more the officers returned and then Mr. Briggs told them he wanted appellant held and they took him in charge.

Appellant took the witness stand and testified that he entered the building with a key which he claims Mr. Briggs had given him; that he felt he had permission to enter the building at his pleasure at any time, day or night, inasmuch as Briggs had furnished him a key, the means by which he might enter; that he entered the building three different times; the first time about 9:30 o'clock, the second time about midnight, and the last time about 2:30 A. M., but he denied that he opened the safe and took any money therefrom. He also denied that he knew the combination to the safe.

Mr. Briggs testified positively that he did not give appellant any key to the building and that he did not know appellant had a key; that he did not give appellant permission to enter the building either on the night in question or at any other time. Thus, it will be seen that the entry of the building by appellant on the night in question is uncontroverted, the only controverted issues remaining to be determined by the jury were the questions of permission, his intent, and as to whether or not appellant took any money from the safe.

In our opinion, the evidence is ample to support the jury's conclusion of appellant's guilt. Consequently, the trial court did not err in declining to give appellant's requested peremptory instruction.

Appellant complains seriously of the court's action in permitting the State to show by the officers what appellant told them when he came to the sheriff's office and inquired of them if they were investigating him and what he told Mr. Briggs after he had invited the officers to accompany him to Briggs' place of business. His contention is that he was under arrest at the time, or at least thought he was. We are of the opinion that the evidence fails to show that he was under arrest. The officers had no warrant for his arrest. They went with him at his request to see Mr. Briggs. They left him at Briggs' place of business and went away, then later returned but did not arrest him until Briggs requested that he be held, stating that he (Briggs) would file a complaint. However, appellant, while on the witness stand, admitted that he entered the building on the night in question. Consequently, he had no just ground of complaint.

All matters complained of in Bills of Exception Nos. 4, 5 and 6 have been carefully considered by us and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's main complaint herein is relative to the facts, his contention being that they are insufficient to show him guilty of the offense charged.

There is no need to again relate the facts as set forth in the original opinion. Under the careful trial judge's charge, the appellant's defense was properly presented to the jury, and they failed to give it credence. We do not think we would be justified in setting their verdict and judgment aside under the facts herein shown.

The motion is overruled.